IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL GUARASCIO, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:18-CV-689-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Joseph Michael Guarascio, a federal prisoner confined at FMC-Fort Worth at the time the petition was filed, against Eric. D. Wilson, warden of FMC-Fort Worth, Respondent.[1] After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner is serving a 180-month term of imprisonment for his 2010 conviction in the United States District Court for the Eastern District of North Carolina for manufacturing child pornography. Resp't's App. 14-15, ECF No. 9. Petitioner has filed a prior § 2255 motion to vacate, set aside, or correct sentence in the convicting court and was denied permission to file a second or successive § 2255 motion by the United States Court of Appeals for the Fourth Circuit. *Id.* at 2. He has also filed a prior § 2241 habeas petition in this Court, which was dismissed without prejudice at his request. Order, *Guarascio v. Wilson*, No. 4:17-cv-1021-Y, ECF No. 14. In the instant § 2241 petition, Petitioner challenges his 2010 conviction based on

---

[1]Petitioner is currently confined at FCI-Oakdale I in Oakdale, Louisiana. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, http://www.bop.gov (last visited July 2, 2019).

"actual/factual innocence" and an involuntary and unknowing guilty plea. Pet. 5-18, ECF No. l.

## II. DISCUSSION

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his federal conviction and sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction and sentence may be considered only if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *See Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable United States Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *See Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Toward that end, Petitioner raises the following argument:

> Petitioner presses an actual, factual innocence claim contending that the recent holdings of the Supreme Court in Esquivel-Quintana v. Sessions, 198 L. Ed. 2d 22 (2017), which held that the generic federal definition of "sexual abuse of a minor" requires the age of the victim to be less than 16, announced a new substantive rule that alters the range of conduct associated with 18 U.S.C. § 2251(a) [under which he was convicted] and 2256 [defining a "minor" as a person under 18 years of age]. Petitioner further contends that under the rationale of the

> Esquivel-Quintana Court, as applied by other courts since, there becomes a logical application such that 18 U.S.C. §§ 2251(a) – Sexual Exploitation of Children, and 2256 – Definitions, are analogous to the statute at odds in Esquivel-Quintana, 18 U.S.C. §§ 1101(a)(43)(A) – Immigration and Nationality General Provisions, and 3509 – Definition of Sexual Abuse of a Minor, providing the presumptive effect of changing the age requirement of § 2251(a) to 16, the federal age of consent. This change now demonstrates Petitioner was convicted of a non-existent offense, of which he was in fact actually/factually innocent even before this watershed decision.

Pet'r's Mem. 1-2, ECF No. 2.

Under Petitioner's rationale, because his girlfriend (the victim) was 17 years of age, he is actually and factually innocent of the crime of his conviction. However, Petitioner's reliance on *Esquivel-Quintana* is misplaced. In that case, the question was whether an alien's prior statutory rape conviction qualified as "sexual abuse of a minor" under the aggravated felony provisions of 18 U.S.C. § 1101(a) (43), thereby making him removable under the Immigration and Nationality Act ("IMA"). The IMA does not expressly define "sexual abuse of a minor," so the Supreme Court had to engage in statutory construction. *Esquivel-Quintana,* 137 S. Ct. at 1567-68. In contrast, in this case, the operative statute is 18 U.S.C. § 2252 and the term "minor" as used therein is defined in 18 U.S.C. § 2256(1) as "any person under the age of eighteen years." 18 U.S.C. §§ 2252, 2256(1). There is no need to engage in statutory construction and *Esquivel-Quintana* is inapplicable. *Accord Axsom v. Wilson,* No. 4:18-CV-830-A, 2019 WL 118411, at *2-3 (N.D. Tex. Jan. 7, 2019) (McBryde, J.).

Relying on Fourth Circuit precedent, Petitioner also asserts that he is actually innocent because the government failed to prove that he acted for the purpose of producing a visual depiction. *See United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018), *cert. denied,* 139 S. Ct.

1318 (2019); *United States v. Palomino-Coronado,* 805 F.3d 127 (4th Cir. 2015). This Court however is bound by Fifth Circuit law. *See United States v. Traxler,* 764 F.3d 486, 489 (5th Cir. 2014).

Finally, Petitioner "renews" his actual-innocence claim based on his trial counsel's coercive actions and his trial counsel's and the government's fraud upon the convicting court. Pet'r's Mem. 15-18, ECF No. 2. However, he makes no argument that he can satisfy any prong of the *Reyes-Requena* test under this claim.

The Court notes that even if Petitioner could establish his actual innocence, he presents no authority, and none is found, for an actual-innocence gateway to challenge a conviction in a § 2241 petition where, as here, he fails to satisfy the requirements of § 2255's savings clause. *See Perez v. Stephens,* 593 Fed. App'x 402, 403, 2015 WL 576845 (5th Cir. Feb. 12, 2015). A § 2241 petition is not an alternative to the relief afforded by motion in the convicting court under § 2255. *See Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Petitioner cannot rely on § 2241 because his prior § 2255 motion was unsuccessful or to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *See Jeffers*, 253 F.3d at 830 (providing prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (providing prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective); *Tolliver,* 211 F.3d at 877 (providing petitioner cannot circumvent the restriction on filing successive § 2255 motions with § 2241

petition).

Petitioner has not met all three criteria required to invoke the savings clause of § 2255 as to the claims presented in this habeas-corpus petition. The Court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## III. CONCLUSION

For the reasons discussed herein, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is **DENIED**.

**SO ORDERED** on this 2nd day of July, 2019.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**